IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RODNEY HUBERT, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-19-2191 |
| WARDEN J. PETRUCCI and the ATTORNEY GENERAL OF THE STATE OF MARYLAND, et al., | * * | |
| Respondents. | * | |
| | *** | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on self-represented Petitioner Rodney Hubert's Motion for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254. (ECF No. 1). The Petition is ripe for review, and no hearing is necessary. See R. Govern. § 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2); Local Rule 105.6 (D.Md. 2021); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (noting that a petitioner is not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the Court will deny the Petition for lack of jurisdiction and decline to issue a certificate of appealability.

### I.   BACKGROUND[1]

**A.   State Proceedings**

On April 16, 2010, Hubert pled guilty in Montgomery County Circuit Court to one count of human trafficking. (ECF No. 5 at 4). That same day, he received a sentence of five

---

[1] As the procedural history is extensive, the Court includes only what is necessary to resolve the issue presented.

years with no probation. (Id.). Due to a change in the law, the Circuit Court issued an amended commitment order on September 10, 2010 that required Hubert to register as a sex offender. (Id. at 5).

Hubert filed an application for post-conviction relief on March 29, 2011, and he supplemented it on August 28, 2012. (Id. at 6). Hubert argued that he was denied effective assistance of counsel and that he should be permitted to withdraw his guilty plea. (Id.). After a hearing on September 13, 2012, the Circuit Court denied Hubert's application. (Id.). Hubert did not appeal the Circuit Court's decision. (Id.). Hubert subsequently filed a Motion for Modification of Sentence, which was denied on October 15, 2012. (Id. at 7).

Hubert filed a petition to re-open post-conviction relief on November 13, 2014, seeking to have his name removed from the sex offender registry.[2] (Id.). On January 29, 2015, the Circuit Court granted Hubert's motion and ordered the Department of Public Safety and Correctional Services to remove Hubert's name from any sex offender registry maintained by the department. (Id. at 8; ECF No. 1-1 at 1). Hubert also filed a writ of coram nobis on August 6, 2015 arguing that he received ineffective assistance of counsel and was not allowed to withdraw his guilty plea. (Id.; ECF No. 1 at 3). The Circuit Court denied the writ on October 15, 2015. (Id. at 9; ECF No. 1-1 at 2). Hubert attempted to appeal the denial of the writ of coram nobis, but the Court of Special Appeals denied his application for leave pursuant to Maryland Rule 8-602. (Id. at 10).

---

[2] Hubert's second application is not part of either parties' submissions. This information is contained in Hubert's federal habeas petition and the government's Response to that petition. (ECF No. 1 at 3; ECF No. 5 at 7).

B.     **Federal Proceedings**

On October 29, 2013, Hubert was indicted in the United States District Court for the District of Maryland for sex trafficking of a minor and aiding and abetting. See Indictment, United States v. Hubert, Crim. Action No. GLR-13-595 (hereinafter, "Hubert I"), ECF No. 1 (Oct. 29, 2013). The offense occurred between February 1, 2013 and February 22, 2013. (Id.). The District of Maryland entered an order of detention on December 6, 2013. See Order of Detention, Hubert I, ECF No. 9 (Dec. 11, 2013). After pleading guilty, Hubert was sentenced on August 13, 2018 to 135 months with five years of supervised release. See Am. J., Hubert I, ECF No. 163 (Aug. 20, 2018).

C.     **Hubert's Habeas Corpus Petition**

Hubert filed his Petition for Writ of Habeas Corpus on July 17, 2019, challenging his 2010 state court conviction for human trafficking. (Pet. Under 28 U.S.C. 2254 Writ Habeas Corpus ["Habeas Pet."] at 2–6, ECF No. 1). Hubert contends he was denied due process because he was not allowed to withdraw his guilty plea when he was required to register as a sex offender six months after his conviction. (Habeas Pet. at 4). However, it was unclear to this Court whether Hubert was in state custody on the day that he submitted his Petition. (See generally ECF No. 8). The Court therefore issued an Order on May 11, 2022 directing Respondents to file a response addressing the "in custody" requirement of 28 U.S.C. § 2241(c)(3) and whether the Court has jurisdiction over this matter not later than June 1, 2022. (Id. at 2-4). Hubert was permitted to submit a reply with 30 days of Respondent's submission. (Id. at 4). Respondents filed their timely Response Regarding Petitioner's Custody Status on May 23, 2022 (ECF No. 9) and Hubert did not file a reply.

3

D.   **Custodial History**

Respondents' Response shows that Hubert was initially detained by the Maryland Department of Corrections on January 25, 2010. (Id. at 3). Hubert was released on mandatory supervision on October 26, 2012, with a sentence termination date of January 25, 2015. (Id.; ECF Nos. 9-1; 9-3). While Hubert was on mandatory supervision, on October 29, 2013, he was indicted in federal court. See Indictment, Hubert I, ECF No. 1. However, the State of Maryland took him into custody again on February 28, 2013 based on a parole retake warrant. (ECF No. 9-1). The District of Maryland subsequently issued an order of detention on December 6, 2013. Order of Detention, Hubert I, ECF No. 9.

On January 9, 2014, the Maryland Parole Commission released Hubert to the custody of the United States Marshal's Service for continuation of his mandatory supervised release. (Id.; ECF No. 9-2). Hubert's state sentence terminated on January 25, 2015 and there were no active state warrants or detainers after that time. (ECF No. 9-1; 9-3).  The District of Maryland later sentenced him on August 13, 2018 to 135 months with five years of supervised release. Hubert I, ECF No. 163.

## II.   DISCUSSION

A.   **Jurisdiction and Custody Analysis**

The Supreme Court has made unmistakably clear that a § 2254 petitioner must, at the time his or her petition is filed, be "in custody" pursuant to the contested state conviction or sentence. Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). It is equally clear that § 2254's requirement that a habeas petitioner be "in custody" pursuant to the contested state conviction raises a

4

threshold jurisdictional question. Id. at 490 (stating that "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States'") (emphasis in original).

To meet the jurisdictional "in custody" requirement, a § 2254 petitioner need not be in actual physical custody of state authorities at the time a habeas petition is filed. Thus, it is well-settled that an ongoing term of probation or parole is a sufficient restraint on a petitioner's liberty to allow the petitioner to attack a state sentence on constitutional grounds pursuant to § 2254. See, e.g., Jones v. Cunningham, 371 U.S. 236, 242 (1963) (holding that a prisoner who had been placed on parole was still "in custody" under an unexpired state sentence for habeas purposes because the petitioner's release from physical confinement was not unconditional and "the custody and control of the Parole Board involves significant restraints on petitioner's liberty"). But it is equally well-settled that "[o]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492 (emphasis added).

Hubert avers that he meets the "in custody" requirement because of a "pending revocation warrant issued on February 28, 2013." Habeas Pet. at 5. However, the documents provided by Respondents demonstrate that Hubert's state sentence completely expired on January 25, 2015. (See generally ECF No. 9). After that date, there were no restraints on Hubert's liberty pursuant to the state sentence for human trafficking, either

through incarceration, parole, probation, or supervised release. (See id.). Hubert's habeas petition was submitted on July 17, 2019, over four years after his state sentence expired. (See Habeas Pet. at 1). Because Hubert challenges a state conviction with a sentence that had completely expired by the time he filed his federal Habeas Petition, the Court lacks subject matter jurisdiction. See Maleng, 490 U.S. at 492.

**B.      Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Hubert must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Because Hubert has not made the requisite showing, the Court declines to issue a certificate of appealability. Hubert may nevertheless request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## III. CONCLUSION

For the foregoing reasons, Hubert's Petition for Writ of Habeas Corpus (ECF No. 1) is denied and a certificate of appealability will not be issued. A separate Order follows. Entered this 19th day of August, 2022.

>                    /s/
> _____
> George L. Russell, III
> United States District Judge